McKinney, J.,
delivered the opinion of the Court.
This was an action of trespass, commenced before a justice of Shelby, for shooting a dog. On an appeal to the Circuit Court, the plaintiff recovered judgment for $25; to reverse which the case is brought here.
Upon the question whether the owner of a dog has such a property as will entitle him to maintain an action for hilling or injuring the dog, there can he no doubt. The ancient authorities are clear upon this point. In Cro. Eliz., 125, it is laid down that the law takes notice of a greyhound, mastiff, dog, spaniel, and tumbler, and trover will lie for them. See also Cro. James, 44. A man hath a property in a mastiff; and where a mastiff falls on another dog, the owner of the latter dog cannot justify the killing the mastiff, unless there was no other way to save his dog, as that he could not take off the mastiff, etc. 1 Saund. 84; 8 Salk., 139. The owner of a dog is hound to muzzle him, if he he mischievous, hut not otherwise; and if a man doth keep a dog that useth to bite cattle, etc., if, after notice given to him of it, or his knowing the dog is mischievous, the creature shall do any hurt, the *470 master shall answer for it. Cro. Charles, 254, 487; Strange, 1264. By statute 10 George III., ch. 18, to steal a dog was made subject to- penal punishment by fine or imprisonment, at the discretion of the justices; and for the second offence, in addition, the dog-stealer was to be whipped.
The foregoing extracts from the ancient books — without noticing the more modern authorities — are sufficiently explicit, and show that the law upon the point of the master’s property in a dog is well settled.
Judgment affirmed.